IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL JOHNSON,
    Plaintiff

    v.

MARK GARMAN, et al.,
    Defendants

No. 1:17-CV-00853

(Judge Kane)

**MEMORANDUM**

On May 16, 2017, Plaintiff Michael Johnson ("Plaintiff"), an inmate currently confined at the State Correctional Institution at Rockview ("SCI-Rockview"), in Bellefonte, Pennsylvania, filed a pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) In the caption of the complaint, Plaintiff names as Defendants Mark Garman, the superintendent of SCI-Rockview; SCI-Rockview; and SCI-Rockview officials and maintenance employees. (Id.) Plaintiff alleges, inter alia, that Defendants forced Plaintiff to drink non-potable water for over three months, subjected Plaintiff to excessively hot and pigeon-infested living conditions, and allowed Plaintiff to be exposed to second-hand tobacco smoke. (Id.)

Plaintiff has filed a motion to proceed in forma pauperis (Doc. No. 5), as well as a prisoner authorization form (Doc. No. 6). For the reasons set forth below, Plaintiff's motion for leave to proceed in forma pauperis will be granted. In addition, Plaintiff's complaint will be dismissed without prejudice and Plaintiff will be granted leave to file an amended complaint.

**I.    LEGAL STANDARD**

A district court must dismiss an in forma pauperis prisoner's complaint if the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(B). In addition, "[t]he court shall on its own motion . . . dismiss any action brought

1

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). Because Plaintiff is proceeding in forma pauperis and is complaining about prison conditions, the screening provisions of 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c) apply.

In order to determine whether to dismiss a complaint for failure to state a claim upon which relief can be granted, "a [d]istrict [c]ourt must . . . determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[T]he Court is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). To this end, a district court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler, 578 F.3d at 210 (internal quotations omitted). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations omitted).

In resolving the question of whether a complaint states a claim, a district court thus performs a "two-part analysis." Fowler, 578 F.3d at 210. First, the court separates the factual

assertions from the legal conclusions and disregards the legal conclusions. Id. at 210-11. Second, the court "determine[s] whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211. When performing this exercise, courts must accord substantial deference and liberality to pro se parties. Hughes v. Rowe, 449 U.S. 5, 10 (1980) ("It is settled law that the allegations of such a [pro se] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . . .'"); Haines v. Kerner, 404 U.S. 519, 520 (1972).

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. In order to state a viable § 1983 claim and avoid dismissal for failure to state a claim upon which relief can be granted, Plaintiff must plausibly plead (1) that the conduct complained of was committed by a person acting under color of state law and (2) that said conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

## II. DISCUSSION

Under the most liberal construction, Plaintiff's complaint fails to state a claim on which relief can be granted. Although Plaintiff does allege that Defendants were acting under color of state law and that Defendants violated his Eighth Amendment rights, most of his allegations are conclusory statements of law unsupported by facts. (Doc. No. 1 ¶¶ 12-40.) Indeed, the complaint is devoid of any well-pleaded factual averments related to any specific Defendant; the complaint does not identify the Defendants engaged in misconduct nor does it indicate how and when each Defendant was involved in the alleged wrongdoing. This style of pleading is patently inadequate, as it fails to allege facts that give rise to a plausible claim for relief. Hudson v. City

of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case). Without such factual allegations, it is implausible to conclude that Defendants may have deprived Plaintiff of any constitutional rights.

In addition, with regard to Defendant Garman, the complaint must be dismissed because it does not allege that Garman was personally involved in any constitutional violations, and Garman cannot be liable under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989) ("[S]upervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct."). Because Plaintiff failed to allege that Garman was personally involved in the events or occurrences that underlie his claims, Plaintiff has failed to state a claim on which relief can be granted with respect to Defendant Garman.

Moreover, it is clear that any claim against SCI-Rockview is not cognizable pursuant to § 1983, as "a State is not a person within the meaning of § 1983." Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). Furthermore, a prison is not a person within the meaning of § 1983. Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Smith v. Samuels, No. 12-CV-524, 2013 WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability."). Indeed, ordinarily, only actual persons are subject to suit under § 1983. Id. at 71. Consequently, the claims against SCI-Rockview must be dismissed.

Although Plaintiff's complaint fails to state a cause of action against any Defendant, it is possible that the complaint's deficiencies may be remedied by amendment. Accordingly, Plaintiff will be granted the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint must be complete in all respects; it must be a new pleading that stands by

itself without reference to the complaint already filed.  The amended complaint should set forth his claims in short, concise, and plain statements.  It should specify which actions are alleged as to which defendants.  Mere conclusory allegations that supervisory personnel are liable for the alleged civil rights violations of their subordinates, unless accompanied by plausible allegations that these supervisory personnel knew of, participated in, or acquiesced in such conduct, will not set forth a cognizable claim.  If Plaintiff fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's complaint will be dismissed without prejudice. Plaintiff will be given an opportunity to file an amended complaint in accordance with the above standards.  An appropriate Order follows.