**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL JOHNSON,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:17-cv-00853** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **MARK GARMAN, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

**I.    BACKGROUND**

Pro se Plaintiff Michael Johnson ("Plaintiff"), an inmate currently confined at the State

Correctional Institution at Rockview ("SCI-Rockview"), in Bellefonte, Pennsylvania, initiated

the above-captioned action pursuant to 42 U.S.C. § 1983 on May 16, 2017.  (Doc. No. 1.)  In the

caption of the complaint, Plaintiff named as Defendants Mark Garman ("Garman"), the

superintendent of SCI-Rockview; SCI-Rockview; and SCI-Rockview officials and maintenance

employees.  (Id.)  Plaintiff alleged the following conditions of confinement claims against

Defendants: that he was forced to drink non-potable water for over three months; was subjected

to excessively hot and pigeon-infested[1] living conditions; and was exposed to second-hand

tobacco smoke.  (Id.)

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court issued a

Memorandum and Order dismissing Plaintiff's complaint and granting him leave to file an

amended complaint.  (Doc. Nos. 9, 10.)  On November 27, 2017, Plaintiff filed a motion for

leave to file an amended complaint (Doc. No. 11), which this Court construes as Plaintiff's

amended complaint.  The Court now screens the amended complaint pursuant to its obligation

---

[1] Plaintiff alleged that the living environment has become pigeon infested with "filthy-nasty-pol[l]uted pigeon infested mess" which is "all over the wall mountings . . . floors, in the seating areas, [and] on top of the tables."  (Doc. No. 1 at 1.)

1

under the PLRA, and for the reasons that follow, will dismiss the amended complaint and grant Plaintiff a final opportunity to file a second amended complaint.

## II.    LEGAL STANDARD

A district court must dismiss a prisoner's complaint filed in forma pauperis if the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from suit.  28 U.S.C. § 1915(e)(2)(B).  Additionally:

> The court shall on its own motion . . . dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

42 U.S.C. § 1997e(c)(1).  Because Plaintiff is proceeding in forma pauperis and is complaining about prison conditions, the screening provisions of 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c) apply.

In order to determine whether to dismiss a complaint for failure to state a claim upon which relief may be granted:

> A [d]istrict [c]ourt must . . . determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("[T]he [c]ourt is not requiring heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully.").  To this end, a district court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler, 578 F.3d at 210 (internal quotations omitted).  However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678 (internal quotations omitted).

In resolving the question of whether a complaint states a claim upon which relief may be granted, a district court performs a "two-part analysis."  Fowler, 578 F.3d at 210.  First, the court separates the factual assertions from the legal conclusions and disregards the legal conclusions. Id. at 210-11.  Second, the court "determine[s] whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Id. at 211.  When performing this exercise, courts must accord substantial deference and liberality to pro se parties. Hughes v. Rowe, 449 U.S. 5, 10 (1980) ("It is settled law that the allegations of such a [pro se] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers . . .'"); Haines v. Kerner, 404 U.S. 519, 520 (1972).

Moreover, in order to state a viable § 1983 claim and avoid dismissal for failure to state a claim upon which relief may be granted, a plaintiff must plausibly plead: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that said conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Natale v. Campden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003); Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

## III.    DISCUSSION

### a.    Plaintiff's Amended Complaint

The Court first observes that Plaintiff is proceeding in this matter on an amended complaint.  (Doc. No. 11).  As a matter of law, an amended complaint takes the place of any previously filed complaints, effectively invalidating them.  See In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect.").  Accordingly, Plaintiff's original complaint (Doc. No. 1) is of no force or effect, and the Court turns to the amended complaint (Doc. No. 11), as the operative document in this action.

In his amended complaint, Plaintiff alleges that "prison maintenance employees" reconnected "an old – bacterially filled – non cured – contaminated unused [water] line" to the prison that has caused Plaintiff to suffer "physical injury upon its consumption."  (Id. ¶ 2.) Plaintiff also alleges that "[e]ither prison officials or correctional officers generally" failed to perform "necessary maintenance to stop wildlife from entering into the [prison,]" allowing "pigeons to penetrate the building" which has affected "many inmates['] health" and has caused Plaintiff to "suffer physical injury."  (Id. ¶ 3.)  Plaintiff also avers that "prison maintenance" does not have a "regulated heating thermostat," which causes the temperature to rise to "nearly fainting conditions."  (Id. ¶ 4.)  He alleges he suffered "physical injury by this exposure" to the excessive heat.  (Id.)  Plaintiff next maintains that "prison officials" are responsible for the prison's "no smoking policy" and that Plaintiff was exposed to "environmental tobacco" when he was placed in a cell with a smoker, which caused him to suffer "physical injury [for] over 12 months."  (Id. ¶ 5.)  Plaintiff alleges that Garman has allowed unconstitutional prison conditions to continue to become "out-of-hand," making the prison environment unsafe.  (Id. ¶ 6.)

Federal Rule of Civil Procedure 10(a) requires that "[e]very pleading must have a caption with the courts name, a title, a file number, and Rule 7(a) designation. The title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). While Plaintiff's amended complaint contains a caption, the only Defendant named therein is Garman. (Doc. No. 11 at 1.) Although Plaintiff includes the designation "et al" after Garman, this designation, "without an identification of the proper parties in the body of the complaint, does not satisfy the Rule 10(a) identification requirement." See Walker v. Walsh, Civ. No. 11-1750, 2012 WL 1569629, at *3 (M.D. Pa. May 3, 2012) (quoting Allen v. AMTRAK, Civ. No. 3-3497, 2004 WL 2830629, at *3 (E.D. Pa. Dec. 7, 2004)).

Moreover, Plaintiff's amended complaint suffers from the same deficiencies as his original complaint. The allegations in his amended complaint are conclusory statements of law unsupported by facts. (Doc. No. 11 ¶¶ 1-9.) Indeed, the amended complaint is devoid of any well-pleaded factual averments related to any specific Defendant as it does not identify any individual Defendant engaged in misconduct, nor does it indicate how and when each Defendant was involved in the alleged wrongdoing. (Id.) This style of pleading is inadequate because it fails to allege facts that give rise to a plausible claim for relief. See Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming dismissal of defendant because complaint did not provide any basis for a claim against him). Without such factual allegations, it is implausible to determine from the amended complaint whether Defendants have deprived Plaintiff of any constitutional rights.

In addition to Plaintiff's failure to name any individual Defendant other than Garman, the amended complaint also fails to allege that Plaitniff has suffered a sufficiently serious constitutional deprivation with regard to his conditions of confinement claims. While "[t]he

Constitution 'does not mandate comfortable prisons,' . . . neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" Farmer, 511 U.S. at 832 (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). Under Farmer, conditions of confinement violate the Eighth Amendment if the following two criteria are met: (1) the deprivation is objectively, sufficiently serious; and (2) the prison official was deliberately indifferent to an inmate's health or safety. Id. at 834, 837. Stated simply, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness. Id. at 834-35 (quoting Rhodes, 452 U.S. at 347); see also Wilson v. Seiter, 501 U.S. 294, 303 (1991). In order to find an Eighth Amendment violation as to conditions of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the prison official must also draw the inference." Id. at 837.

Plaintiff's amended complaint fails to establish that he has suffered a sufficiently serious constitutional deprivation, as required by Farmer. For instance, Plaintiff generally avers that he "suffered physical injury" from the alleged contaminated water, but fails to articulate what specific type of physical injury he suffered. (Doc. No. 11 ¶ 2.) This general allegation of "physical injury" is made throughout the remainder of Plaintiff's amended complaint as it relates to his various conditions of confinement claims. (Id. ¶¶ 2-5.) However, because Plaintiff has not alleged any actual injury resulting from the alleged deprivations, he has not established a constitutional violation. See Knight v. Wapinsky, Civ. No. 12-2023, 2013 WL 786339, at *5-6 (M.D. Pa. Mar. 1, 2013); Williams v. Campbell, Civ. No. 7-885, 2008 WL 2816089 (E.D. Pa.

July 18, 2008); Mower v. Dauphin Cty. Prison, Civ. No. 05-0909, 2005 WL 1322738, at *5 (M.D. Pa. June 1, 2005).

Finally, the only named Defendant in Plaintiff's amended complaint is Garman. (Doc. No. 11 at 2.) Plaintiff avers that Garman is the facility manager of the prison and that he was "deliberately indifferent to substantial risk to inmates health or safety . . . making the prison itself an unsafe environment." (Id. ¶ 6.) As set forth in this Court's Memorandum dated October 31, 2017, the amended complaint must be dismissed because it does not allege that Garman was personally involved in any constitutional violations, and Garman cannot be liable under § 1983 under the traditional standard of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989) ("[S]upervisory personnel are only liable for the § 1983 violations of their subordinates if they knew of, participated in or acquiesced in such conduct."). The plaintiff must allege that the defendant was personally involved in the events or occurrences that underlie the claim. See Atkinson v. Taylor, 316 F.3d 257, 270-71 (3d Cir. 2003). The Court finds that Plaintiff has failed to allege that Garman was personally involved in the events or occurrences that underlie his claims. (Doc. No. 11.) Consequently, his amended complaint must be dismissed for failure to state a claim upon which relief may be granted.

**b.      Leave to Amend**

District courts have "substantial leeway in deciding whether to grant leave to amend." Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000). "Denial of leave to amend a complaint is especially appropriate where a party has already been given the opportunity to amend the complaint." In re Avandia Mktg., Sales Practices & Prod. Liab. Litig., 564 F. App'x 672, 673 (3d Cir. 2014) (citing Lake, 232 F.3d at 373 ("[W]e are inclined to give the [d]istrict [c]ourt even broader discretion when, as here, the court has already granted the requesting party an

opportunity to amend its complaint.")).  The Court has already afforded Plaintiff leave to amend

his pleading following the dismissal of his first complaint for failure to state a claim upon which

relief may be granted.  However, given Plaintiff's pro se status, the Court will grant Plaintiff one

additional opportunity to file an amended complaint, adhering to the following standards.

Plaintiff's second amended complaint must be complete in all respects.  It must be a new

pleading which stands by itself without reference to the original complaint, amended complaint,

or any other documents already filed.  The second amended complaint should set forth his claims

in short, concise and plain statements as required by the Federal Rules of Civil Procedure.  Each

paragraph should be numbered.  It should specify which actions are alleged as to which

defendants, name each individual defendant, and sufficiently allege personal involvement of the

defendant in the acts which he claims violated his rights.  Mere conclusory allegations that

supervisory personnel are liable for the alleged civil rights violations of their subordinates, unless

accompanied by plausible allegations that these supervisory personnel knew of, participated in,

or acquiesced in such conduct, will not set forth a cognizable claim.  Moreover, Plaintiff is

strongly advised to utilize the prisoner civil rights complaint form to prepare any amended

complaint he may choose to file.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's amended complaint (Doc. No. 11), is

dismissed without prejudice.  Plaintiff is permitted to file a second amended complaint in

accordance with the above standards within twenty (20) days of the date of the Order issued

concurrently with this Memorandum.  An appropriate Order follows.