IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL JOHNSON, :
    Plaintiff :
: No. 1:17-cv-00853
v. :
: (Judge Kane)
MARK GARMAN, et al., :
    Defendants :

**MEMORANDUM**

**I.    BACKGROUND**

Pro se Plaintiff Michael Johnson ("Plaintiff"), an inmate previously confined at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania ("SCI-Rockview"), initiated the above-captioned action pursuant to 42 U.S.C. § 1983 on May 16, 2017. (Doc. No. 1.) In the caption of the complaint, Plaintiff names as Defendants Mark Garman ("Garman"), the Superintendent of SCI-Rockview; SCI-Rockview; and SCI-Rockview officials and maintenance employees. (Id.) Plaintiff alleges the following conditions of confinement claims against Defendants: that (1) he was forced to drink non-potable water for over three months; (2) he was subjected to excessively hot and pigeon-infested[1] living conditions; and (3) he was exposed to second-hand tobacco smoke. (Id.)

Pursuant to the screening provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court issued a Memorandum and Order dismissing Plaintiff's complaint and granting him leave to file an amended complaint. (Doc. Nos. 9, 10.) On November 27, 2017, Plaintiff filed a motion for leave to file an amended complaint (Doc. No. 11), which the Court construed as Plaintiff's amended complaint. The Court performed its screening obligations on

---

[1] Plaintiff alleges that his living environment has become pigeon-infested with "filthy-nasty-pol[l]uted pigeon infested mess" which is "all over the wall mountings . . . floors, in the seating areas, [and] on top of the tables." (Doc. No. 1 at 1.)

1

the amended complaint and dismissed it, but granted Plaintiff a final opportunity to file a second amended complaint within twenty (20) days of its March 8, 2018 Memorandum and Order. (Doc. Nos. 12, 13.) The Court further cautioned Plaintiff that his failure to file a second amended complaint within the time prescribed above would result in the dismissal of this action for Plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 13.)

To date, Plaintiff has failed to file a second amended complaint and he has not requested an extension of time in which to do so. Moreover, the docket reflects that on March 26, 2018, Court documents mailed to Plaintiff at his last updated address of SCI-Rockview were returned to the Clerk of Court because Plaintiff is no longer housed at that location.[2] (Doc. No. 14.) Plaintiff's failure to provide the Court with an updated address and failure to file a second amended complaint indicates that he may have lost interest in prosecuting this lawsuit. For instance, Plaintiff has failed to adhere to this Court's May 16, 2017 Order, which placed an affirmative obligation on him to keep the Court informed of his current address and provided that his failure to notify the Court of his current address would be deemed an abandonment of the lawsuit. (Doc. No. 3 at 4.) Additionally, this Court's March 8, 2018 Order cautioned Plaintiff that his failure to file a second amended complaint within the time prescribed above would result in the dismissal of this action for his failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. No. 13.)

II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." District courts have the

---

[2] An April 9, 2018 inquiry to SCI-Rockview by the Court confirms that Plaintiff is no longer incarcerated at SCI-Rockview.

2

inherent power to dismiss an action for failure to prosecute sua sponte. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). In the instant case, Plaintiff has failed to both prosecute this action and to comply with the May 16, 2017 and March 9, 2018 Orders of this Court by failing to keep the Court apprised of his current address and failing to file a second amended complaint. When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the Court must balance six (6) factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868. Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); Shahin v. Delaware, 345 F. App'x 815, 817 (3d Cir. 2009).

As to the first factor, it is Plaintiff's sole responsibility to comply with Court orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002); Winston v. Lindsey, Civ. No. 09-224, 2011 U.S. Dist. LEXIS 137022, at *6 (W.D. Pa. Nov. 30, 2011) (concluding that a pro se litigant "bears all of the responsibility for any failure to prosecute his claims"). Plaintiff was specifically warned that his failure to keep the Court apprised of his current address and failure to timely file a second amended complaint would result in the dismissal of this action. (Doc. Nos. 3, 13.) To date, Plaintiff has complied with neither directive. This factor therefore weighs in favor of dismissal. As to the second factor, this Court does not find that Defendants have been prejudiced because they have not yet been served.

3

Examining the third factor, a history of dilatoriness, Plaintiff has not only failed to file a second amended complaint as directed, but has also failed to inform the Court of his current address. As is clear from the procedural background of this case, Plaintiff has not communicated with the Court since the filing of his motion for leave to file an amended complaint (Doc. No. 11), on November 27, 2017, which this Court construed as his amended complaint (Doc. No. 12). A pro se plaintiff has the affirmative obligation to keep the Court informed of his address. See (Doc. No. 3 at 4.) Plaintiff's failure to provide the Court with an updated address as required by the Court's May 16, 2017 Order, coupled with Plaintiff's failure to file a second amended complaint in accordance with this Court's March 9, 2018 Order, even after both Orders cautioned Plaintiff that his case would be dismissed should he not comply, indicates an intent not to continue with this litigation. See Pozoic v. Cumberland Cty. Prison, Civ. No. 11-1357, 2012 WL 114127, at *3 (M.D. Pa. Jan. 13, 2012); Bush v. Lackawanna Cty. Prison, Civ. No. 14-cv-1253, 2017 WL 2468795, at *2 (M.D. Pa. June 7, 2017). Accordingly, this factor also weighs in favor of dismissal.

The Court finds that the fourth factor, whether Plaintiff's conduct was willful or in bad faith, also weighs in favor of dismissal. Plaintiff's failure to abide by the Court's Orders "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, Civ. No. 10-1657, 2010 U.S. Dist. LEXIS 128400, at *5-6 (M.D. Pa. Dec. 6, 2010).

An examination of the fifth factor, effectiveness of sanctions other than dismissal, reveals that no other sanction is a "viable alternative since this action cannot proceed without the submission of a proper [second] amended complaint." Pozoic, 2012 WL 114127, at *4 (citing

4

Purveegiin v. Gonzalez, Civ. No. 07-1020, 2009 U.S. Dist. LEXIS 34550, at *4 (M.D. Pa. Apr. 23, 2009)).

Regarding the sixth factor, the meritoriousness of the claim, the Court has determined in its previous screening Memorandum that Plaintiff's amended complaint is in violation of Federal Rule of Civil Procedure 10(a) for failing to identify any proper party, other than Superintendent Garman. (Doc. No. 12 at 5.) Moreover, Plaintiff's amended complaint did not identify any individual Defendant engaged in misconduct, indicate how and when each Defendant was involved in any alleged wrongdoing, or allege any actual injury resulting from the alleged constitutional deprivations. (Id. at 5-6.) With regard to Garman, the Court found that Plaintiff's amended complaint failed to allege any personal involvement in any constitutional violation by Garman, and that Garman cannot be liable pursuant to § 1983 under the traditional standard of respondeat superior without specific allegations that he knew of, participated in or acquiesced in such constitutional violations. (Id. at 7.)

Upon balancing all of the Poulis factors, the Court finds that the majority of the six factors weigh heavily in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute. An appropriate Order follows.